# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>THE ROCKPORT COMPANY, LLC, *et al.*,<br>    Debtors.[1] | Chapter 11<br>Case No. 18-11145 (LSS)<br>(Jointly Administered) |
| THE ROCKPORT GROUP, LLC; THE ROCKPORT GROUP HOLDINGS, LLC; TRG 1-P HOLDINGS, LLC; TRG INTERMEDIATE HOLDINGS, LLC; TRG CLASS D, LLC; THE ROCKPORT COMPANY, LLC; DRYDOCK FOOTWEAR, LLC; DD MANAGEMENT SERVICES LLC; ROCKPORT CANADA ULC; ROCKPORT JAPAN K.K.; THE ROCKPORT COMPANY KOREA LTD; ROCKPORT HONG KONG LTD; DONGGUAN ROCKPORT CONSULTING SERVICE CO, LTD.; CALZADOS ROCKPORT S.L.; THE ROCKPORT COMPANY PORTUGAL, UNIPESSOAL, LDA; THE ROCKPORT COMPANY, B.V.; ROCKPORT EUROPE, B.V.; RELAY TECHNICAL SERVICES PRIVATE LIMITED; ROCKPORT INTERNATIONAL LIMITED; ROCKPORT UK HOLDINGS LTD.<br>                    *Plaintiffs,*<br>    v.<br>ADIDAS AG and REEBOK INTERNATIONAL LTD.<br>                    *Defendants.* | Adversary Proceeding<br>No. 18-50636 (LSS) |

## PLAINTIFFS' EMERGENCY MOTION TO EXPEDITE ADVERSARY PROCEEDING

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective Employer Identification Numbers are: Rockport Blocker, LLC (5097), The Rockport Group Holdings, LLC (3025), TRG 1-P Holdings, LLC (4756), TRG Intermediate Holdings, LLC (8931), TRG Class D, LLC (4757), The Rockport Group, LLC (5559), The Rockport Company, LLC (5456), Drydock Footwear, LLC (7708), DD Management Services LLC (8274), and Rockport Canada ULC (3548). The debtors' mailing address is 1220 Washington Street, West Newton, Massachusetts 02465.

The above-captioned plaintiffs (collectively, "Plaintiffs") respectfully request entry of an order expediting the adversary proceeding initiated by the *Emergency Complaint for Declaratory Judgment Against Adidas AG and Reebok International Ltd.* [Adv. D.I. 1] (the "Complaint"),[2] filed and served by Plaintiffs against and upon defendants Reebok International Ltd. ("Reebok") and adidas AG ("Adidas" and, together with Reebok, the "Defendants"). Contemporaneously herewith, Plaintiffs also have filed a motion to shorten notice requesting that the Court consider this motion as soon as possible but not later than Wednesday, July 11, 2018.

**Introduction**

1. The emergency nature of this adversary proceeding arises from a sale objection filed by Defendants that, although spurious, has jeopardized the Debtors' upcoming asset sale. For procedural reasons, the Debtors' response to that objection must take the form of a complaint in an adversary proceeding, not a reply in a contested matter. But the issue raised by the Defendants' objection must be resolved in connection with the sale, as the proposed purchaser of the Debtors' assets has stated that if Defendants' allegations are true, then the Debtors have breached their representations and warranties in the sale agreement.

2. Defendants' allegations are incorrect, but absent expedited adjudication of the adversary proceeding, the Debtors will not be able to demonstrate this in time and therefore risk losing the pending asset sale—the highest and best offer that they have received for their assets—based solely on the procedural inability to be heard on the timeframe necessitated by the sale. Indeed, under the sale agreement, the parties are required to close the sale in 90 days, on or before August 13, 2018. The timing was not selected arbitrarily by the Debtors, but instead was negotiated with the purchaser which wanted a shorter time period to closing. Accordingly, time

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Complaint, as applicable.

is of the essence for resolving the Objection. Plaintiffs therefore respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, setting an expedited litigation schedule in this sale dispute culminating in a trial to consider the merits of the parties' arguments on or before August 8, 2018.

**Background**

3. Contemporaneously with this motion, Plaintiffs filed their Complaint, which they incorporate herein by reference. A more detailed recitation of the background is set forth therein.

4. Defendants Adidas and Reebok are the former owners of the Rockport Group LLC ("Rockport") and its worldwide business. In July 2015, they sold the business to Relay Intermediate, LLC (now known as Rockport) for approximately $220 million in cash and up to $60 million in notes and other consideration. Under a Master Purchase Agreement, the sale closed in two stages. First, Rockport acquired the entire business but took possession only of the assets located in North America, where Rockport operated the business directly. As of this "stage one" closing, Adidas continued to own the assets located in the foreign markets and, pursuant to a Management Agreement, operated the businesses in those markets on Rockport's behalf. Second, at various times after the "stage one" closing, Rockport formed entities in certain of those foreign markets (the "Foreign Subsidiaries") to engage in "stage two" closings and receive possession of the foreign assets, after which Rockport operated the foreign businesses directly.

5. This dispute is about which entities are liable to Defendants under the Management Agreement. The only parties and signatories to the Management Agreement (and to the Master Purchase Agreement) are Rockport, Adidas and Reebok. The Foreign Subsidiaries

3

did not exist at the time these agreements were executed. Yet in a recently filed objection to Rockport's proposed asset sale [D.I. 310] (the "<u>Objection</u>"), Adidas and Reebok contend that Rockport's Debtor affiliates and the Foreign Subsidiaries are "jointly and severally" liable for amounts owed under the Management Agreement, which they allege is no less than $54 million.

6. This allegation has led the proposed purchaser of Rockport's assets to issue a notice stating that if the Foreign Subsidiaries are jointly and severally liable with Rockport for amounts due under the Management Agreement, then Rockport has breached the sale agreement's representations and warranties. Rockport is selling substantially all of its assets to the purchaser, as well as the stock of the Foreign Subsidiaries. Because the purchaser is acquiring the Foreign Subsidiaries' stock, it is acquiring their liabilities (which do not include amounts owed under the Management Agreement). As a result of Adidas' and Reebok's spurious allegation that the Foreign Subsidiaries are jointly and severally liable for $54 million, the sale is now in jeopardy.

7. The allegation that Rockport and its Foreign Subsidiaries are jointly liable is simply incorrect. Adidas and Reebok base their allegation on a defined term in the Management Agreement, the term "Buyer." That term is defined as Rockport and its "Affiliates." The term "Affiliate" means entities that Rockport controlled at the time of the sale. The Foreign Subsidiaries did not exist at the time of the sale (they were formed more than two years later), and therefore do not fall within the contractual definition as a matter of law. In addition:

    a. A court will not adopt a contractual reading that leads to unintended or absurd results. Adopting Defendants' reading of defined term would create absurdities in some places where it is used, and render it superfluous in others. It also would lead to the absurd result that if the Debtors purchased or formed an entity tomorrow, that entity too would be jointly and severally liable under these agreements that it did not sign.

    b. The Foreign Subsidiaries are not signatories to the Master Purchase Agreement or Management Agreement. Absent exceptional circumstances like veil piercing, a

4

      contract binds only its signatories, and therefore these agreements bind only Rockport, and not its (not-yet-then-existing) Foreign Subsidiaries or affilates.

    c.    When Rockport engaged in the "stage two" closings, the parties executed two agreements. First, an asset transfer agreement by which Adidas' foreign subsidiaries transferred their assets to the newly formed Foreign Subsidiaries. These agreements expressly provided that the Foreign Subsidiaries will assume no liabilities. Second, a "closing agreement" that reconciled certain post-closing adjustments. The Foreign Subsidiaries were not made parties to the closing agreements.

    d.    Finally, Adidas' and Reebok's conduct confirms that their understanding is the same as Rockport's. In prior breach notices they have only alleged liability against Rockport. Moreover in other agreements involving other foreign affiliates, the parties expressly obligated the affiliates by causing them to sign; the parties did not do so here.

8.    Thus, although Defendants' position is incorrect, because Defendants' allegations have endangered the sale that represents the best result for the Debtors' estates and all parties in interest, the Debtors require a prompt determination that the only entity liable for amounts due under the Management Agreement is the signatory Rockport (not the other Debtors or the Foreign Subsidiaries).

9.    Typically, a sale dispute in a contested matter is resolved on an expedited basis (replies are filed quickly after objections, and the sale hearing acts as the evidentiary hearing). However, because this case requires a declaration of the parties' rights and obligations by the Court, Plaintiffs must proceed by way of adversary proceeding, and also must request an expedited schedule. In that regard, Plaintiffs propose that the Court enter a Scheduling Order for the adjudication of the Complaint with the following deadlines:

- Defendants answer(s) to the Complaint to be filed by 6:00 p.m. (EDT) on July 16, 2018.

- Written discovery, if any, to be served by email by 6:00 p.m. (EDT) on July 13, 2018. The parties should confer on reasonable limitations for written discovery.

- Responses to written discovery due no later than 7 days after service thereof.

- Depositions, if any, to be completed by July 25, 2018.

- The parties' simultaneous pretrial opening briefs to be filed by 6:00 p.m. (EDT) on August 1, 2018, any response(s) thereto to be filed by 6:00 p.m. (EDT) on August 6, 2018.

- A trial to consider the relief requested in the Complaint to be held on August 8, 2018, and if necessary August 9, 2018.

## Argument

10. "Courts are permitted to expedite proceedings for cause. *See Anderson v. Davila*, 125 F.3d 148, 156-57 (3d Cir. 1997). "The decision to grant or deny a motion for expedited consideration is within the Court's discretion." *In re Tobacco Road Assoc.*, LP, No. 06-CV-2637, 2007 WL 966507, at *12 (E.D. Pa. Mar. 30, 2007). When exercising their discretion to expedite an adversary proceeding, courts in this district weigh the benefit to the movant against the harm to the respondent. *See, e.g.,* April 17, 2017 Hr'g Tr. at 13: 14-17, *In re Rupari Holding Corp.*, 17-10793 (KJC) (Bankr. D. Del. Apr. 19, 2017), [Docket No. 65].

11. Given the posture of this case, and the harm that would result to the Debtors if the issues raised in the Objection are not resolved, the Court should exercise its discretion to expedite this adversary proceeding for any or all of at least five reasons. First, the Objection was raised as a response to the proposed sale and the issues raised therein should be resolved in connection with that sale.

12. Second, the Objection imperils the sale, as the Debtors represented and warranted in the asset purchase agreement that their Foreign Subsidiaries do not have liability to Adidas under the Management Agreement. *See* Stalking Horse Agreement. § 5.5(c) (attached as <u>Exhibit D</u>). The Debtors continue to represent and warrant that this is true. But absent a timely resolution of the issues raised by the Objection, it is unclear whether the purchaser will close the Sale or would even be obligated to do so.

13. Third, as the Court is aware, the Debtors exhaustively marketed their assets prior to the petition date. No competing bids have been received, the auction has been canceled and the proposed sale to the purchaser is the only transaction on the table. If the sale falls apart as a result of the Objection (and Plaintiffs' inability to obtain expedited relief), then presently the Debtors future is uncertain, and the Debtors' estates and parties in interest may be irreparably harmed.

14. Fourth, distilled to its essence, this adversary proceeding presents a question of contract interpretation that can be resolved quickly. The Management Agreement and Master Purchase Agreement are governed by Delaware law, which provides that if the words of a contract are clear, then that is both the starting point and ending point of the analysis. *See, e.g., Glanden v. Quirk*, 128 A.3d 994, 1000 (Del. 2015) ("Where the terms of a contract are clear on their face, there is no need to resort to extrinsic evidence to aid in interpretation."). The words of the contracts here are clear: "Affiliates" means entities existing at the time of execution, and the Foreign Subsidiaries indisputably did not exist until years later. In short, this is the type of dispute that the Court can readily resolve after limited discovery, briefing, and a hearing on the merits.

15. Finally, there is negligible harm to the Defendants by proceeding in an expedited manner and any harm caused by expediting this proceeding is of their own making. As discussed above, this matter is primarily a question of contract interpretation that can be resolved on the parties' submissions to the Court. If the issues raised in this matter could be resolved through a contested matter, the schedule that the Debtors propose would be unremarkable. Moreover, the Defendants' Objection is not a response to a new or evolving dispute between the parties. Instead, the Defendants are asserting a wholly new legal theory (that finds no support in

7

the parties' agreements or prior dealings) in relation to a matter that has been at issue between the parties for years. The Defendants had to anticipate the effect that their assertions would have on the Debtors' sale and the Debtors' concomitant need to address those assertions quickly. Accordingly, the Defendants should not be heard to complain about the speed with which the Debtors need to resolve this matter. After all, it was the Defendants who chose to raise their newly minted theory at this time, in a sale objection, in the two weeks prior to the sale hearing.

## **Conclusion**

16. For the foregoing reasons, the Plaintiffs respectfully request that the Court enter the proposed order attached as <u>Exhibit A</u> setting an expedited schedule in this adversary proceeding.

Dated: July 10, 2018
      Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Robert J. Stearn, Jr.*
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Cory D. Kandestin (No. 5025)
Robert C. Maddox (No. 5356)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Fax: 302-651-7701
Email: collins@rlf.com
       stearn@rlf.com
       kandestin@rlf.com
       maddox@rlf.com

*Counsel to the Plaintiffs*